**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: | CASE NO. 22-11222 |
| JAMES RICHARD PUGH, III, | CHAPTER 13 |
| DEBTOR | |

**OBJECTION TO DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY**

NOW INTO COURT, through undersigned counsel, comes Citizens Savings Bank ("**CSB**"), a creditor and party in interest in the above-captioned proceeding, who respectfully submits this *Objection To Debtor's Motion To Extend Automatic* (this "**Objection**") in opposition to the *Motion to Extend Automatic Stay* [Dkt. No. 9] (the "**Motion to Extend**") filed by James Richard Pugh, III (the "**Debtor**"). In support of this Objection, CSB submits the declaration of Cindy Bourne (the "**CSB Declaration**"), attached hereto as **Exhibit A**, and contends as follows:

**BACKGROUND**

1. On October 11, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition (the "**Second Bankruptcy**") for relief under chapter 13 of title 11 of the United States Code (the "**Bankruptcy Code**").

2. Two days later, the Debtor filed the Motion to Extend requesting that this Court extend the automatic stay past the shortened thirty (30) day stay period applicable to the Debtor under 11 U.S.C. § 362(c)(3) "as to all creditors under 11 U.S.C. § 362(a) for the duration of this chapter 13 proceeding…". *See* Motion to Extend, [Dkt. No. 9, p. 2].

**I.     The Debtor's Prior Bankruptcy Filing and Abuses.**

3. Previously, on December 7, 2021, the Debtor filed his first voluntary petition (the "**First Bankruptcy**") for relief under chapter 13 of the Bankruptcy Code. *See In re James Richard*

*Pugh, III*, Case No. 21-11414, United States Bankruptcy Court for the Eastern District of Louisiana.

4. At the time of the First Bankruptcy, the Debtor's principal creditor was CSB.

5. On May 10, 2022, CSB objected to confirmation of the Debtor's Chapter 13 Plan, as amended, on the basis that the Plan was not feasible and that the Debtor's inability to satisfy pre-confirmation mortgage installments suggested that the Debtor would not be able to make all payments under the plan or to comply with the plan. First Bankruptcy, [Dkt. No. 58]. At the time of CSB's objection to confirmation, the Debtor had not made his March, April, or May 2022 payments to CSB. *Id.*

6. Confirmation of the Debtor's Chapter 13 plan was denied in the Debtor's First Bankruptcy. First Bankruptcy, [Dkt. No. 66].

7. During the course of the First Bankruptcy, the Chapter 13 Trustee filed two motions to dismiss based on the Debtor's failure to timely file his plan and because "confirmation of Chapter 13 plan is denied." First Bankruptcy, [Dkt. Nos. 13, 65].

8. This Court dismissed the First Bankruptcy on August 18, 2022. First Bankruptcy, [Dkt. No. 68].

**II. The Note and Security.**

9. CSB is the holder that certain promissory note (the "**Note**") executed by the Debtor, which is secured by a certain mortgage executed by the Debtor.

10. The Note is a promissory note dated November 28, 2017, in the original principal amount of $62,000 executed by Debtor in favor of CSB and bearing an interest rate of 7.950% per annum until paid. Pursuant to the terms of the Note, Debtor was to pay the loan in 360 consecutive

payments of $452.77 on the first of every month, with the last payment to occur on December 1, 2047.

11. The Note is secured by a Multiple Indebtedness Mortgage dated November 28, 2017 in favor of CSB (the "**Mortgage**"). The Mortgage secures the prompt and punctual payment and satisfaction of the Note with property located at 305 Manning Dr., Franklinton, LA 70438, as more fully described in the Mortgage (the "**Property**").

12. CSB has a validly perfected and recorded mortgage on the Property pursuant to the Note.

13. On October 17, 2022, CSB filed a Proof of Claim in the amount of $84,511.22. *See* Claim No. 1.

14. Prior to the First and Second Bankruptcies, the Debtor defaulted pursuant to the terms of the Note.

### III. The Debtor's Motive.

15. The Note has been in default since April 1, 2021 – far before the First Bankruptcy's dismissal on August 18, 2022.

16. In addition to monetary default, the Debtor is in default of the Note for failure to maintain insurance on the Property and failure to pay taxes on the Property. Presently, CSB contracts for the Debtor's property insurance and has had to pay tax arrearages on the Property to guard against tax sale. To date, CSB has paid $4,844.90 to Washington Parish Tax Redemption for tax years 2017-2020 for taxes owed by the Debtor.

17. Pursuant to the Multiple Indebtedness Mortgage, the Debtor confessed judgement and consented to the seizure and sale of the mortgaged Property under Louisiana executory process procedure upon default of the Note. Additionally, the Debtor waived:

(1) the benefit of appraisal as provided in Articles 2332, 2336, 2723, and 2724 of the Louisiana Code of Civil Procedure, and all other laws with regard to appraisal upon judicial sale; (2) the demand and three (3) days' delay as provided under Articles 2639 and 2721 of the Louisiana Code of Civil Procedure; (3) the notice of seizure as provided under Articles 2293 and 2721 of the Louisiana Code of Civil Procedure; (4) the three (3) days' delay provided under Articles 2331 and 2722 of the Louisiana Code of Civil Procedure; and (5) all other benefits provided under Articles 2331, 2722 and 2723 of the Louisiana Code of Civil Procedure and all other Articles not specifically mentioned above.

A. **CSB's First Attempt to Foreclose.**

18. Prior to the First Bankruptcy, in July 2021, following the Debtor's default under the Note, CSB commenced efforts to foreclose on the Property by filing its *Petition for Executory Process* in the 22nd Judicial District Court for the Parish of Washington, State of Louisiana (the "**State Court**") at *Citizens Savings Bank v. James Richard Pugh, III*, Case No. 116136 (the "**2021 Foreclosure**").[1]

19. The 2021 Foreclosure sale was scheduled to occur on December 8, 2021.

20. However, the day before the first scheduled Sheriff's sale, the Debtor filed his First Bankruptcy in an effort to forestall CSB's efforts and evade the First Foreclosure by invoking the automatic stay.

---

[1] CSB notes that in December 2019, the Debtor was in default under the Note and CSB commenced efforts to foreclose on the Property by filing its *Petition for Executory Process* in the the State Court at *Citizens Savings Bank v. James Richard Pugh, III*, Case No. 114403 (the "**2019 Foreclosure**").The 2019 Foreclosure sale was set on April 8, 2020, but was cancelled as a result of the COVID-19 pandemic. Again, in September 2020, the Debtor was in default under the Note and CSB restarted efforts to foreclose on the Property by filing its *Petition for Executory Process* in the State Court at *Citizens Savings Bank v. James Richard Pugh, III*, Case No. 115137 (the "**2020 Foreclosure**").The 2020 Foreclosure sale was set on December 20, 2020, but was cancelled after the Debtor made a $7,000 payment to CSB.

### B. CSB's Renewed Attempt to Foreclose.

21. On September 1, 2022, following this Court's dismissal of the First Bankruptcy, CSB renewed and reinstated its foreclosure efforts in the State Court. *Citizens Savings Bank v. James Richard Pugh, III*, Case No. 116136.

22. The foreclosure sale of the Property was reset and scheduled for October 12, 2022.

23. Yet again, <u>the day before</u> the sale was to occur, on October 11, 2022, the Debtor obstructed CSB's foreclosure action by filing the instant bankruptcy and invoking the automatic stay to thwart CSB's foreclosure of the Property for a second time.

## IV. The Debtor's Second Bankruptcy.

24. The Debtor has scheduled CSB's claim in the amount of $75,000. [Dkt. No. 5, § 2.1].

25. However, as of October 17, 2022, the amount due and owing to CSB totals $84,511.22, consisting of the following amounts on the Note:

    a. Principal in the amount of $60,137.84;

    b. Interest in the amount of $7,552.98;

    c. Escrow shortage in the amount of $5,681.94;

    d. Late fees in the amount of $565.75;

    e. Attorney fees in the amount of $4,729.29; and

    f. Clerk of Court/Sheriff fees in the amount of $5,843.42.

26. The Debtor has fallen woefully behind on its payments to CSB. As of today's date, CSB has not received any payments from the Debtor since April 1, 2021.

27. As a result of the Debtor's bad faith filing of this Second Bankruptcy, his scheme to hinder CSB's foreclosure of the Property, and his failure to make payments since April 1, 2021, CSB asserts that the Motion to Extend must be denied.

## LAW AND ARGUMENT

### I. The Debtor's Motion to Extend Should be Denied.

28. The Debtor's Motion to Extend must be denied for his lack of good faith in filing the Second Bankruptcy and failure to make payments to CSB since April 1, 2021.

29. Generally, if a debtor files a second bankruptcy within the one year period following dismissal of the debtor's prior bankruptcy, the automatic stay shall terminate with respect to the debtor on the thirtieth (30th) day after the filing of the second bankruptcy case. *See* 11 U.S.C. § 362(c)(3). The court may extend the stay, on motion of a party in interest, <u>only</u> if the party "demonstrates that the filing of the later case is in good faith as to the creditors to be stayed." *See In re Charles,* 332 B.R. at 542.

30. Pertinently here, this Court has recognized that "[t]he filing of a bankruptcy petition <u>merely to prevent foreclosure</u>, without the ability or the intention to reorganize, <u>is an abuse of the Bankruptcy Code</u>. Serial filings are a badge of bad faith, as are petitions filed to forestall creditors." *Id*. at 407 (*quoting In re Casse*, 198 F.3d 327, 332-33 (2d Cir. 1999) (emphasis added)). Said simply, serial bankruptcy filings paired with the strategic timing of those filings, greatly favor a finding of bad faith. *Id*.

### II. The Debtor has Acted in Bad Faith in Filing the Second Bankruptcy.

31. Here, the Debtor's First Bankruptcy was dismissed on August 18, 2022 with his Second Bankruptcy being filed less than two (2) months later on October 11, 2020. Therefore, the protection afforded to the Debtor by the automatic stay should be limited to, at most, the thirty

(30) day period allowed by Section 363(c)(3). Further, the Second Bankruptcy was not filed in good faith, so extension of the stay is impermissible.

32. The sole purpose of the Debtor's First and Second Bankruptcy filings is to abuse to bankruptcy system by frustrating CSB's efforts to foreclose on the Property. The circumstances of the Second Bankruptcy provide overwhelming support that the Debtor did not act in good faith when he filed this Second Bankruptcy.

33. CSB is the Debtor's only secured creditor, with the Property holding the most value of all of the Debtor's assets.

34. The Debtor has remained perpetually in default under the Note consistently for at least three (3) years. This alone heavily supports a finding that the Debtor acted in bad faith in filing this Second Bankruptcy.

35. Despite having exhibited an egregious, willful, and intentional disregard for the basic requirements of bankruptcy filing in order to postpone foreclosure on CSB's collateral, the Debtor requests that the benefit of the automatic stay protect him throughout the course of this Second Bankruptcy. For the reasons fully detailed *supra*, CSB asserts that any extension of the automatic stay past the statutory thirty (30) day period is entirely unwarranted and that the Motion to Extend must be denied. Granting such relief would only serve to vindicate the Debtor's bad faith filing of this Second Bankruptcy, in the same manner as the First Bankruptcy, in order to evade foreclosure of the Property and thwart CSB's rights therein.

WHEREFORE, Citizens Savings Bank prays that:

(a) the Debtor's Motion to Extend be denied; and

(c) for all other relief to which it may be entitled in law and equity.

Respectfully submitted:

*/s/ Madison M. Tucker*
Madison M. Tucker (Bar No. 37722)
Caroline V. McCaffrey (Bar No. 39276)
JONES WALKER LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone: 504.582.8261
Facsimile: 504.589.8261

**Attorney for Citizens Savings Bank**

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Objection To Debtor's Motion To Extend Automatic Stay* was filed and caused to be served upon the parties entitled to receive notice by this Court's CM/ECF system on October 20, 2022.

*/s/ Madison M. Tucker*
MADISON M. TUCKER